ALEXANDRA M. BLEK, Plaintiff, *v.* JOSEPH A. L. BLEK, Defendant. JOSEPH A. L. BLEK, Appellant, *v.* ALEXANDRA M. BLEK, Respondent.

Argued May 27, 1953; decided July 14, 1953.

*Joseph H. Wackerman* and *Emerson A. Swartz* for appellant. I. The evidence, as a matter of law, was insufficient for submission to the jury and appellant's motion for a directed verdict should have been granted. (*Shonfeld* v. *Shonfeld,* 260 N. Y. 477; *Matter of Seymour,* 113 Misc. 421; *Matter of Wells,* 276 App. Div. 822, 301 N. Y. 796; *Matter of Dugro,* 261 App. Div. 236, 287 N. Y. 595; *Matter of Callahan,* 142 Misc. 28, 236 App. Div. 814, 262 N. Y. 524; *Boyd* v. *Boyd,* 252 N. Y. 422; " *Castellani* " v. " *Castellani* ", 176 Misc. 763, *Capaldo* v. *Capaldo,* 263 App. Div. 984; *Fidanque* v. *Fidanque,* 276 App. Div. 543; *Matter of Monty,* 289 N. Y. 685; *Graham* v. *Graham,* 211 App. Div. 580; *Matter of Heitman,* 154 Misc. 838, 247 App. Div. 855, 272 N. Y. 533.) II. The court's charge to the jury failed to submit the issue of the capacity of the alleged common-law wife to contract the alleged common-law marriage.

*S. Leighton Frooks* and *Dorothy Frooks* for respondent. I. There were no errors in reception or exclusion of evidence, or in the court's charge, to justify overriding the findings of the trial court and jury. (*Caperna* v. *Williams-Bauer Corp.,* 184 Misc. 192; *People* v. *Galbo,* 218 N. Y. 283; *Boyd* v. *Boyd,* 252 N. Y. 422; *Smith* v. *Smith,* 273 N. Y. 380; *Amend* v. *Hurley,* 293

N. Y. 587; *Roberts* v. *Fulmer,* 301 N. Y. 277; *Williams* v. *Guile,* 117 N. Y. 343; *Garippa* v. *Wisotsky,* 305 N. Y. 571; *de Baillet-Latour* v. *de Baillet-Latour,* 301 N. Y. 428.) II. Justice requires every presumption to uphold a marriage. (*Layton* v. *Layton,* 189 Misc. 974; *Schmidt* v. *Schmidt,* 195 Misc. 366.) III. Appellant husband had the burden of proof that respondent wife's prior marriage was then valid and subsisting. (*Matter of Lewis* v. *Noyes Co.,* 278 App. Div. 222; *Matter of Otts,* 195 Misc. 344; *Layton* v. *Layton,* 189 Misc. 974; *Spann* v. *Spann,* 269 App. Div. 753; *Cavanaugh* v. *Valentine,* 181 Misc. 48; *Chayka* v. *Chayka,* 179 Misc. 979; *Rudyk* v. *Rudyk,* 198 Misc. 260, 278 App. Div. 837; *Heller* v. *Heller,* 172 Misc. 875, 259 App. Div. 852, 285 N. Y. 572.)

FROESSEL, J. We think that the judgment of the Appellate Division must be affirmed. In view of its affirmance of the determination of the trial court, we are precluded from weighing the evidence, as did the sole dissenting Justice in the Appellate Division. Rather the only question presented to us is whether there is any evidence to support the finding of the jury that Engelman and Georgia Hartwell had contracted a common-law marriage, which was valid and subsisting at the time of his marriage to Alexandra Blek.

There is sufficient evidence to sustain that finding. Engelman himself, after being cautioned about self incrimination, testified that he had married Georgia in the city of New York in the year 1927, without a marriage license or ceremony; that Georgia is still living; that their marriage was never dissolved; that he maintained an apartment with her; that he went to various shops, stores and other places, introducing her as his wife, and that she was known to neighbors, friends, relations, shopkeepers and others as such. This direct testimony of Engelman as to the existence of the common-law marriage was corroborated by the testimony of three other witnesses. Hilda Coopersmith testified that she had known Georgia as Engelman's wife since 1927, that they had held each other out as husband and wife, and that she had visited them " at least once a week " and " sometimes twice a week " over a period of two or three years. Henry Coopersmith testified substantially to the same effect. Philip Streit testified that Engelman had introduced Georgia to him as his wife and that they referred to each other as husband and wife.

The foregoing testimony amply refutes the argument in the dissenting opinion herein that there is no evidence, as a matter of law, to sustain the finding of a common-law marriage. Any question as to the credibility of these witnesses was one for the jury and not for this court. (*Boyd* v. *Boyd,* 252 N. Y. 422, 429.)

Accordingly, the judgment of the Appellate Division should be affirmed, with costs.

FULD, J. (dissenting). In my view, the plaintiff husband, Joseph Blek, should have been granted an annulment of his marriage to defendant Alexandra in 1948, on the ground that at that time she was the undivorced wife of Morris Engelman. Alexandra's claim that her conceded " marriage " to Engelman in 1933 was void because, when performed, he had a common-law wife, Georgia Hartwell, must fail. The record, as I read it, contains no probative evidence, of the sort required, that Engelman had entered into a common-law marriage with Georgia. That being so, he was free to marry Alexandra, and she, accordingly, was married when she became Mrs. Blek.

One of the prime requisites for establishing a common-law marriage is proof of the couple's " common reputation " as man and wife (see *Matter of Wells,* 301 N. Y. 796, affg. 276 App. Div. 822) ; their holding themselves out as such to a few people is not sufficient, particularly where there is compelling evidence to refute the existence of such asserted relationship. (See, e.g., *Clayton* v. *Wardell,* 4 N. Y. 230, 236; cf. *Betsinger* v. *Chapman,* 88 N. Y. 487, 499; *Chamberlain* v. *Chamberlain,* 71 N. Y. 423, 427; but cf. 7 Wigmore on Evidence [3d ed., 1940], § 2083, pp. 430–431.) " Mere reputation," as this court long ago said, " is never conclusive, except when it is general, and supported by other circumstances." (*Clayton* v. *Wardell, supra,* 4 N. Y. 230, 236.) " Clear, consistent and convincing evidence is required to establish the fact." (*Boyd* v. *Boyd,* 252 N. Y. 422, 428.)

Such proof is here lacking. There is not the slightest evidence that Engelman and Georgia were generally reputed, among their friends and relatives or in the community in which they lived, to be man and wife. The only evidence of a common-law marriage — apart from the testimony of Engelman which, even if believable, could not supply the essential proof of reputation in the community — is that they held themselves out as man and

wife to the Coopersmiths who visited them at their home and who, it should be observed, witnessed Engelman's marriage to Alexandra. The one other person who testified to the common-law relationship first met Engelman and Georgia in 1947, many years after the marriage of Engelman and Alexandra. That falls far short of proof that the parties were generally and commonly known to be married.

Not only is there no tangible evidence of a marriage between Engelman and Georgia, but the sole piece of documentary evidence bearing on the matter is to the contrary. Thus, when Engelman married Alexandra, defendant herein, he swore in his application for a marriage license that he was " never previously married ". Even the Coopersmiths, though they testified to the previous common-law marriage relationship between Engelman and Georgia, declared that, when they witnessed the Engelman-Alexandra nuptials, Engelman told them that he had been divorced. Thus, every bit of proof except Engelman's *present* testimony — in which he necessarily acknowledges committing perjury when he applied for a license — indicates that, at the time of his marriage to Alexandra, Engelman was free to marry her. And the testimony of Mrs. Coopersmith that he lived in a common-law relationship with Georgia *after* his marriage to Alexandra — that they visited both Engelman and his bride Alexandra upon some occasions and Engelman and Georgia upon others, but not at " two different addresses " — is palpably unbelievable. In short, this is not a case involving a question of fact, of credibility, but one in which there is no evidence, as matter of law, to support the defense that Engelman and Georgia had entered into a common-law marriage.

Alexandra's marriage to Engelman being valid, her marriage to plaintiff was necessarily void, and he is entitled to a judgment annulling his marriage to Alexandra.

I would reverse the judgment of the Appellate Division.

LEWIS, Ch. J., CONWAY and DYE, JJ., concur with FROESSEL, J.; FULD, J., dissents in opinion in which DESMOND and VAN VOORHIS, JJ., concur.

Judgment affirmed.